Mark **RAINES, et al., Respondents,**

v.

**SONY CORPORATION OF AMERICA,
a foreign corporation, Appellant.**

**Nos. C8–94–466, C4–94–1193.**

Court of Appeals of Minnesota.

Nov. 8, 1994.

Robert J. Terhaar, Laurie A. Willard, Cosgrove, Flynn & Gaskins, Minneapolis, for respondents.

Jeanne H. Unger, Patrick J. Rooney, Rider, Bennett, Egan & Arundel, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and SHORT and THOREEN, JJ.

## OPINION

THOREEN, Judge.[*]

This is an appeal by appellant Sony Corporation of America (Sony) from a jury verdict awarding respondents Mark and Catherine Raines (the Raineses) $153,580.66 in damages for destruction of their home and possessions in a fire allegedly caused by a defect in a television set (the TV) manufactured by Sony. The appeal from the verdict is combined with an appeal from an award of prejudgment interest.

## FACTS

On July 22, 1990, the Raineses hurriedly left their home for a social engagement. While they were away, a fire started in the bedroom of their 93–year–old house and caused extensive damage. While firefighters were still engaged in "overhaul," poking holes in walls and ceilings of the bedroom in order to look for ancillary fires, Deputy State Fire Marshall Ronald Rahman (Rahman) arrived on the scene to investigate the cause of the fire.

Rahman found the Raineses' Sony TV lying screen-side down on the floor, over a hole. The back of the set was directly on top of the screen because the fire had burned away the plastic sides. The burn pattern flowed downward away from the set. The TV had extensive beading and coloration inside, indicating possible arcing and high heat. No other appliances in the room showed similar damage or were near the heaviest burn area. Rahman was of the opinion that the TV caused the fire, and so testified at the trial.

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art VI, § 10.

Rahman did not investigate the wiring, fuses or other possible causes of the fire. He took a number of pictures of the burn site and the TV set. The TV was placed on the front porch. The Raineses returned to the house and then left for the night. Overnight, the fire rekindled, causing the roof over the porch to collapse. The TV was completely destroyed.

The Raineses claimed that the TV was defective and caused the fire. They testified that the set was turned off when they left the house.

Sony's expert testified that although the TV had an electronic power switch, the particular components showing beading would not normally carry a current when the set was turned off and that it was unlikely that arcing inside the set caused the fire. Also, Sony claimed that the set could not have fallen into the burn hole from its usual location and probably had been moved by a firefighter. There was also evidence of the exemplary safety record of this particular model.

Finally, Sony presented expert testimony that, notwithstanding Rahman's opinion, the patterns of the fire were consistent with a "drop down" fire caused by overheated wiring or a cigarette.

There was evidence that the type of wiring in the house was removed from the market in the 1950s because of its propensity to cause fires. Also, respondents were cigarette smokers and did smoke in the bedroom.

Over Sony's objections, the trial court submitted the case to the jury on the theory of res ipsa loquitur. After judgment, the court awarded costs and prejudgment interest to the Raineses. Sony disputes the award of prejudgment interest.

## ISSUES

1. Was it proper for the court to instruct the jury on res ipsa loquitur, when Sony presented evidence that would sustain a finding that something other than the TV caused the fire?

2. Did the court err in allowing respondents prejudgment interest?

## ANALYSIS

■■■ 1. Whether an instruction including res ipsa loquitur should have been given to the jury in this case is a legal issue. *Heffter v. Northern States Power Co.*, 173 Minn. 215, 217, 217 N.W. 102, 103 (1927). This court reviews legal issues de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984).

The supreme court has consistently limited the application of res ipsa loquitur to cases where the cause of injury is reasonably certain. In *Collings v. Northwestern Hosp.*, 202 Minn. 139, 143, 277 N.W. 910, 912 (1938), the court held that res ipsa loquitur is not appropriate when there is significant conflicting evidence about the cause of the injury. Similarly, in *Lovejoy v. Minneapolis–Moline Power Implement Co.*, 248 Minn. 319, 332, 79 N.W.2d 688, 697 (1956), the supreme court affirmed the trial court's refusal to instruct on the res ipsa loquitur doctrine where there was substantial conflicting evidence about the cause of the injury. Repeatedly, the supreme court has clearly stated that

> the doctrine is inapplicable if the accident may reasonably be attributable to one or more causes for which defendant is not responsible.

*Bossons v. Hertz Corp.*, 287 Minn. 29, 34, 176 N.W.2d 882, 885 (1970).

■ It was unfortunate that the TV set was destroyed by the rekindled fire and not available for internal examination to determine whether it was defective. Each party had to rely on the opinions of experts. Their opinions were conflicting. Sony's experts testified that in their opinion the TV set was not defective and did not cause the fire. They also testified that the fire could well have been caused by careless cigarette smoking or defective wiring. Their testimony was substantial and believable and could sustain a finding that the fire was attributable to a cause for which Sony was not responsible.

Accordingly, a res ipsa loquitur instruction was not appropriate.

2. Because we are remanding this case for a new trial, we need not address the question of whether the court properly allowed full prejudgment interest without penalty under Minn.Stat. § 549.01 (1992).

### DECISION

It was error to submit this case to the jury on the theory of res ipsa loquitur.

**Reversed and remanded.**