Diane ZITZOW, Respondent,

v.

WAL–MART STORES, INC., Appellant.

No. C4–97–110.

Court of Appeals of Minnesota.

Sept. 16, 1997.

Review Denied Oct. 31, 1997.

Jeffrey R. Hannig, Hannig & Ellison, P.A., Moorhead, for respondent.

Kent D. Mattson, Pemberton, Sorlie, Sefkow, Rufer & Kershner, P.L.L.P., Fergus Falls, for appellant.

Considered and decided by LANSING, P.J., and HARTEN and THOREEN, JJ.

## OPINION

JOHN F. THOREEN, Judge. *

This is an appeal by Wal–Mart Stores, Inc. (Wal–Mart) from a jury verdict awarding Diane Zitzow (Zitzow) $98,943.76 in damages for injuries sustained in an accident allegedly caused by Wal–Mart's negligent use of a retail shelving unit (the shelf).

## FACTS

On March 7, 1993, Zitzow was shopping in the automotive department of Wal–Mart. As she knelt down to read an automotive parts manual, two objects fell from the top shelf, striking her on the head and neck. Immediately thereafter, a male customer came from the adjacent aisle and inquired about Zitzow's condition. He did not give his name or explain why or how the items had fallen. He was never identified or located and is not a party to this action.

Zitzow contacted a Wal–Mart employee, who prepared a written report of the incident. It stated that an unidentified customer in the next aisle replaced some merchandise on the top shelf. In doing so, he pushed merchandise backwards on the shelf. Because the shelf was full and had no backstop (divider) or flanges on the edges, the merchandise on Zitzow's side was pushed off. There was no dispute as to how the accident happened.

At trial, Zitzow presented evidence that the accident could have been prevented by a backstop or center divider or by flanges. Wal–Mart used two types of shelving. One was an adjustable shelf that had a center divider. However, this unit, when extended to its maximum height, no longer had the benefit of the divider. The other type, referred to as a riser, had no divider. There was a dispute as to which type of shelf was involved. None of the shelves had flanges.

Wal–Mart presented rebuttal evidence that the shelf was used in a manner consistent with the manufacturer's specifications and industry standards and claimed that if the design was defective, the manufacturer, not Wal–Mart, was liable. Wal–Mart also argued that the unknown customer was the sole cause of the accident.

Over Wal–Mart's objections, the district court instructed the jury on the theory of res ipsa loquitur. The court also included the general negligence instruction. The jury returned a verdict in favor of Zitzow, finding Wal–Mart negligent and the unknown customer not negligent.

## ISSUES

1. Was it proper for the district court to instruct the jury on res ipsa loquitur?

2. If not proper, were the instructions prejudicial to appellant, requiring reversal?

3. Did the district court err in refusing to instruct the jury on the use of a defectively designed product?

4. Did the district court err in allowing the testimony of respondent's expert witness?

5. Is there sufficient evidence to support the jury's damage award?

## ANALYSIS

■ Whether the jury should have been instructed on res ipsa loquitur is a legal issue. *Raines v. Sony Corp. of Am.*, 523 N.W.2d 495, 497 (Minn.App.1994), *review denied* (Minn. Jan. 25, 1995). This court reviews legal issues de novo. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

■ Res ipsa loquitur is not applicable in this case. It is undisputed that an unidentified customer pushed the merchandise off the shelf. Where the cause of the accident is known and not in question, res ipsa has no application. *Johnson v. West Fargo Mfg. Co.*, 255 Minn. 19, 25–26, 95 N.W.2d 497, 502 (1959).

■ The fact that the jury was instructed on an "abstract principle of law" that was inapplicable is not necessarily reversible error. *Bossons v. Hertz Corp.*, 287 Minn. 29, 37, 176 N.W.2d 882, 887 (1970). In order to constitute reversible error, the instruction must have had the potential to mislead the jury to the prejudice of the defendant. *See id.* (finding no prejudicial error in the trial court's instruction on res ipsa loquitur); *Johnson*, 255 Minn. at 26–27, 95 N.W.2d at 503 (finding res ipsa loquitur instruction may have confused the jury and caused prejudice to the defendant).

■ The instructions in this instance may well have misled the jury to the prejudice of appellant. The judge told the jury, "I shall give you the rules of law that apply to [this case] and you must apply them." This statement implies that all of the instructions given by the judge were applicable to the case. He further stated that, "in following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important." Though res ipsa loquitur was not applicable, the jury could have concluded it was required to apply it and did so.

Also, the jury instructions were stated in such a way that the jury could have reasonably concluded that only the res ipsa loquitur instruction applied to Wal–Mart and that the general negligence instruction applied only to the unidentified customer. Wal–Mart is referred to by name in the res ipsa loquitur instruction but not mentioned in reference to the general negligence instruction. Since the jury was instructed that they must utilize all the rules contained in the instruction, and only Wal–Mart was mentioned by name in the res ipsa loquitur portion of the instruction, the jury could well have been misled into concluding that Wal–Mart's liability had to be determined by res ipsa loquitur and the remaining theory of liability, ordinary negligence, applied only to the unidentified customer.

The jury should have been required to determine whether Wal–Mart's storage of merchandise above the aisle presented an unreasonable risk of harm and, if so, whether Wal–Mart used reasonable care to warn respondent.

Considering the instructions as a whole, we conclude that including res ipsa loquitur in the instructions was prejudicial error.

■ Because we are remanding the case for a new trial based on the erroneous instruction, it is unnecessary to address the other jury instruction issue and the issue of expert testimony. We are of the opinion, however, that since this is not a products liability case, the district court correctly excluded the instruction on when a nonmanufacturer can be held liable for mere use of an allegedly defective product.

We also note that in a case such as this, where the cause of the accident is not disputed and the facts are relatively simple and within the realm of common knowledge, it is questionable whether expert testimony is beneficial. Expert testimony is only to be utilized if it will assist the trier of fact. Minn. R. Evid. 702.

■ A reviewing court will not disturb a damage award "unless its failure to do so would be shocking or would result in plain injustice." *Hughes v. Sinclair Mktg., Inc.*, 389 N.W.2d 194, 199 (Minn.1986). The trial court has the discretion to grant a new trial on the ground of excessive damages and that determination will not be overturned absent an abuse of discretion. *Advanced Training Sys., Inc. v. Caswell Equip. Co.*, 352 N.W.2d 1, 11 (Minn.1984). This court upheld a jury award of $65,000 for injuries similar to those sustained by Zitzow in *Zieminski v. Caauwe*, 354 N.W.2d 553 (Minn.App.1984). We find the amount of damages awarded was not "unjust." The district court did not abuse its discretion in refusing to grant a new trial on the ground of excessive damages or to remit.

## DECISION

We affirm the damage award. Because including the instruction on res ipsa loquitur resulted in prejudicial error, we reverse and remand for a new trial on the issue of liability.

Affirmed in part, reversed in part, and remanded.